UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

MTS SYSTEMS CORPORATION,

      Plaintiff,

v.                       **ORDER**
                           Civil File No. 06-3853 (MJD/AJB)

HYSITRON INCORPORATED,

      Defendant.
_____

Brent A. Lorentz, Daniel J. Kelly, David P. Pearson, Karen A. Brennan, and William A. McNab, Winthrop & Weinstine, PA, Counsel for Plaintiff.

Allen W. Hinderaker, Brian N. Platt, Tong Wu, and Joshua P. Graham, Merchant & Gould, P.C., Counsel for Defendant.
_____

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan dated June 4, 2009. [Docket No. 245] Defendant Hysitron Incorporated filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the

1

Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan dated June 4, 2009, with the exception that the Court declines to adopt the section of the Report and Recommendation entitled "Attorneys' Fees," at pages 13-16 of the Report and Recommendation. Because the Court adopts the Magistrate Judge's recommendation that Hysitron is not entitled to an award of attorneys' fees, the Court need not reach the issue of the reasonableness of the amount of attorneys' fees requested by Hysitron.

The Court adopts the remainder of the Magistrate Judge's well-reasoned recommendation. In particular, the Court notes that, in its objections, Hysitron argues that the Magistrate Judge erroneously required Hysitron to supply direct evidence of bad faith in order to meet its burden. Hysitron misstates the contents of the Report and Recommendation. The Magistrate Judge explained that Hysitron failed to meet its burden due to "the utter lack of direct evidence of subjective bad faith" **and** its "reliance on rather unpersuasive" indirect evidence of bad faith. (R&R at 12.) The Court further emphasizes that "a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1384 (Fed. Cir. 2005).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation dated June 4, 2009 [Docket No. 245].

2. Defendant Hysitron, Incorporated's Motion for Attorney Fees [Docket No. 203] is **DENIED**.

Dated:　July 22, 2009　　　　　　　　　　　s/ Michael J. Davis
　　　　　　　　　　　　　　　　　　　　　Michael J. Davis
　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court